UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DORMAN, *et al.*,

    Plaintiffs,

v.

CHARTER TOWNSHIP OF CLINTON,

    Defendant.

Case No. 15-cv-12552
Hon. Matthew F. Leitman

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR INTERIM ATTORNEY FEES AND COSTS (ECF #43)

**I**

Plaintiff Michael Dorman is the pastor of River of Life Ministries, INT ("RLF"), a church located in the Charter Township of Clinton ("Clinton Township"). (*See* Am. Compl. at ¶¶ 1-2, ECF #8 at Pg. ID 113.) In this action, Dorman and RLF allege, among other things, that Clinton Township violated the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"), when it prohibited them from using property located at 22515 Laurel (the "Laurel Property") as a church. (*Id.* at Pg. ID 112-13.) More specifically, Dorman and RLF allege that Clinton Township (1) improperly required them to obtain a "Special Use Permit" before it would allow them to use the Laurel Property as a church and (2)

then wrongly refused to grant them such a permit. (*See id.* at ¶¶ 27, 81-82, Pg. ID 120, 137.)

On December 8, 2017, more than two years after Dorman and RLF filed this action, Clinton Township agreed to permit them to use the Laurel Property as a church. On that day, the parties submitted, and the Court signed and entered, a "Stipulated Order Granting Plaintiffs Land Use Approval." (ECF #40.) The parties approved the order as to both "form" and "content." (*Id.*) Among other things, the order provided that:

> [T]he [Laurel] Property shall be permitted to be used as a church effective immediately, and [Clinton Township] shall issue … all necessary land use permits such that [Dorman and RLF] shall be permitted to utilize the [Laurel] Property for operation of a church subject to the terms of this stipulated order.

(*Id.* at Pg. ID 905.)

## II

On February 12, 2018, Dorman and RLF filed a motion for interim attorney fees and costs.[1] (*See* ECF #43.) In the motion, Dorman and RLF seek $62,322.00 in attorney fees and $1,280.29 in costs. (*See id.* at Pg. ID 911.) They argue that the Court should award these fees and costs pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988(b) ("Section 1988(b)"). (*Id.* at Pg. ID 923.)

---

[1] The Court held a hearing on the motion on April 23, 2018.

2

Section 1988(b) permits a court to award interim attorney fees and costs to a "prevailing party" in a RLUIPA action. It provides, in relevant part, that "[i]n any action or proceeding to enforce a provision of …. [RLUIPA] … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). To be considered a "prevailing party," a plaintiff must obtain "a judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. of Care Home, Inc.*, 532 U.S. 598, 603 (2001) (internal punctuation omitted). *See also Maher v. Gagne*, 448 U.S. 122, 129 (1980) (holding that a respondent was a "prevailing party" under Section 1988(b) where the court entered a consent decree memorializing a settlement that granted her "substantially all" of the relief sought in her complaint).

Dorman and RLF insist that they are a "prevailing party" under Section 1988(b) because the Court entered an order that "change[d]" the parties' "legal relationship" and required Clinton Township to allow them to use the Laurel Property as a church – the primary relief that Dorman and RLF sought in their Amended Complaint. Clinton Township initially countered that Dorman and RLF are not "prevailing parties" as a matter of law because the Court has not made any determination of the merits of their claim. (*See* Resp. to Mot., ECF #44 at Pg. ID 1057.) But during the hearing on this motion, counsel for Clinton Township candidly acknowledged that Dorman and RLF *are* "prevailing parties" under the

3

Supreme Court's decision in *Maher*, *supra*, and that the Court *does* have discretion whether to award them interim attorney fees and costs under Section 1988(b).

After acknowledging the Court's discretion, counsel for Clinton Township argued that the proper exercise of that discretion would be to deny the request for an award of interim fees and costs. Counsel asserted that such an award would be inappropriate because the Court's December 8, 2017, stipulated order did not make any findings with respect to the merits of Dorman's and RLF's claims and because the merits remain in dispute. But as *Maher* makes clear, a fee award may be appropriate even where a court never makes any findings on the merits. Indeed, in *Maher*, the Supreme Court held that "[t]he fact that respondent prevailed through a settlement rather than through litigation does not weaken her claim to fees. Nothing in the language of § 1988 conditions the District Court's power to award fees on full litigation of the issues *or on a judicial determination that the plaintiff's rights have been violated*." *Maher*, 448 U.S. at 129 (emphasis added).

Nor is the Court persuaded that it should exercise its discretion to deny an award of interim fees and costs to Dorman and RLF. Among the factors a Court considers when deciding whether to award interim fees and costs are whether the moving "party has prevailed on an important matter in [the] case, even if the party ultimately does not prevail on all issues," whether the case is "complex," and whether the case is "of long duration." *Webster v. Sowders*, 846 F.2d 1032, 1036

(6th Cir. 1988). Each of these factors supports an award of interim fees and costs here. As described above, Dorman and RLF have "prevailed on an important matter in the case" – perhaps *the* important matter in the case – namely, their ability to use the Laurel Property as a church. This case is also somewhat "complex." It raises challenging and important RLUIPA issues that have been identified and explored during the hearings before the Court. And this action has been pending for more than three years. The lengthy duration of the proceedings has required Dorman and RLF to spend considerable legal fees in their efforts to use the Laurel Property as a church. In an unrefuted sworn certification, Dorman said that "[d]ue to delays in this litigation, RLF has exhausted all of its financial resources," that the church is "essentially bankrupt and otherwise unable to pay any additional legal bills," and that since 2017, he has had to "pa[y] [the] litigation costs and attorney fees in this matter on [his] own from [his] limited personal resources." (Dorman Certification at ¶¶ 15-17, ECF #43-2 at Pg. ID 939.) Under these circumstances, the Court concludes that an award of interim fees and costs is appropriate.

### III

The Court now turns to how much in interim fees and costs to award Dorman and RLF. As noted above, they seek $62,322.00 in attorney fees and $1,280.29 in costs. (*See* ECF #43 at Pg. ID 911.) Dorman and RLF incurred these fees and costs

5

"prior to and as part of this litigation through December 31, 2017, as [they] sought and secured land use approval for their church." (*Id.*)

Under Section 1988(b), Dorman and RLF are entitled to an award of their "reasonable attorney's fee[s]" and costs. 42 U.S.C. § 1988(b). "A reasonable attorney['s] fee is calculated by the lodestar method." *The Northeast Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984) and *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Under this method, a "court multiplies a reasonable hourly rate by the proven number of hours reasonably expended on the case by counsel." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Id.*

The Court first concludes that the hourly rates requested by Dorman's and RLF's counsel are "reasonable." "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Id.* Here, Dorman and RLF have presented evidence that the hourly rates their attorneys charged were reasonable based on the average hourly billing rate for similarly-experienced attorneys in the State of Michigan. (*See* ECF #43-12.) Notably, Clinton Township has not argued that these rates are

6

unreasonable. Indeed, Clinton Township has not offered any objection to the manner in which Dorman and RLF calculated the fees and costs that they seek.

Next, the Court concludes that the "proven number of hours" that Dorman's and RLF's counsel worked on this matter were "reasonably expended." Dorman and RLF have presented evidence – in the form of detailed bills of their counsel's work and a certification from their counsel justifying those billings (*see* ECF ## 41-9 – 41-11) – establishing the total "number of hours" that their counsel spent on this matter during the relevant time period. That total was reasonable given the complex nature of this case. Moreover, Clinton Township has not objected to any entry on any of the legal invoices submitted by Dorman and RLF or otherwise argued that any time counsel spent on the case was not "reasonably expended."

Finally, the Court concludes that it is appropriate to award Dorman and RLF fees and costs incurred through December 8, 2017, the date on which they obtained the judicial relief that justifies the fee award (the ability to use the Laurel Property as a church). At this point, the Court declines to award fees and costs incurred beyond that date.[2] When the Court multiplies the reasonable hourly rate of Dorman's and RLF's counsel by the proven hours that counsel reasonably expended through December 8, 2017, it determines that Dorman and RLF are entitled to

---

[2] Nothing in this order precludes Dorman and RLF from later seeking fees and costs incurred after December 8, 2017.

7

$60,897.00 in fees. They are also entitled to $1,268.69 in unrefuted costs incurred during this same time period.

## IV

For all of the reasons stated above, Dorman's and RLF's motion for interim attorney fees and costs (ECF #43) is **GRANTED IN PART AND DENIED IN PART**. Clinton Township shall pay to Dorman and RLF $60,897.00 in attorney fees and $1,268.69 in costs by no later than **October 21, 2018**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 13, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 13, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764