UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DORMAN, *et al.*,

    Plaintiffs,

v.

CHARTER TOWNSHIP OF CLINTON,

    Defendant.

Case No. 15-cv-12552
Hon. Matthew F. Leitman

_____/

## ORDER DIRECTING THE PARTIES TO SUBMIT SUPPLEMENTAL BRIEFS

On May 29, 2019, the Court held a hearing on the parties' cross-motions for summary judgment. (*See* Motions, ECF ## 79, 81.) At the conclusion of the hearing, the Court took Plaintiffs' motion with respect to Count II of their First Amended Complaint under advisement. (*See* Order, ECF #94.) In that count, Plaintiffs allege that Defendant Clinton Township's zoning ordinance violates the "Equal Terms" provision of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.* That provision states that "[n]o government shall impose or implement a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution." 42 U.S.C. § 2000cc(b)(1).

1

In connection with Plaintiffs' Equal Terms claim, the Court is wrestling with the following question: what is the relevant "land use regulation"? Plaintiffs say that the relevant "land use regulation" is the specific provision of the Township's zoning ordinance that creates the "RML" district in which Plaintiffs' church is located. Plaintiffs insist that that specific provision, on its face, treats churches on "less than equal terms" than certain nonreligious assemblies. Clinton Township counters that the relevant "land use regulation" is the zoning ordinance *writ large* and in its entirety. Clinton Township says that the zoning ordinance, when viewed as a whole, does not treat churches less equally than nonreligious assemblies, and, in fact, treats churches more favorably than secular uses.

Neither party has analyzed in any significant depth how the Court should determine what the relevant "land use regulation" is in this case. The Court therefore directs the parties to submit supplemental briefs that address that subject. In those briefs, the parties shall identify and discuss any relevant authorities that speak to the issue of how a court should identify the relevant "land use regulation" in the context of a **facial** challenge under RLUIPA. If the parties rely on cases involving "as applied" challenges under RLUIPA, the parties shall explain why those cases are relevant to the determination of the relevant "land use regulation" in the context of the facial challenge before the Court. Finally, if the parties do not find any authorities addressing how to identify the relevant "land use regulation" in the

context of an RLUIPA facial challenge, they shall present reasoned arguments – perhaps based on the language of RLUIPA, other analogous statutes, analogous cases, or good, old-fashioned logic – as to why the Court should adopt their proposed "land use regulation" as the relevant one in the context of Plaintiffs' facial RLUIPA challenge.

The parties shall file their supplemental briefs, which shall be no longer than 10 pages each, by no later than **July 1, 2019**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 12, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 12, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764