UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DORMAN *et al.*,

    Plaintiffs,

v.

CHARTER TOWNSHIP OF CLINTON,

    Defendant.

Case No. 15-cv-12552
Hon. Matthew F. Leitman

_____/

### OPINION AND ORDER (1) GRANTING PLAINTIFF RIVER OF LIFE'S MOTION FOR SUMMARY JUDGMENT ON ITS EQUAL TERMS CLAIM (ECF #81), (2) DENYING PLAINTIFF MICHAEL DORMAN'S MOTION FOR SUMMARY JUDGMENT ON HIS EQUAL TERMS CLAIM (ECF #81), AND (3) GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT ON PLAINTIFF MICHAEL DORMAN'S EQUAL TERMS CLAIM

In this action, Plaintiff River of Life Ministries, INT and its pastor, Plaintiff Michael Dorman, challenge a provision of Defendant Clinton Township's zoning code that applies to the real property on which River of Life wants to locate its church. River of Life and Dorman claim that this section of the zoning code violates the Equal Terms provision of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). River of Life and Dorman have now each moved for summary judgment on this claim. (*See* Mot., ECF #81.) For the reasons stated below, the Court (1) **GRANTS** River of Life's motion for summary judgment on its Equal Terms claim, (2) **DENIES** Dorman's motion for summary judgment on his

1

Equal Terms claim, and (3) **GRANTS** summary judgment in favor of Clinton Township on Dorman's Equal Terms claim.

# I

## A

Clinton Township is a municipality located in Macomb County, Michigan. It has enacted a comprehensive zoning code that governs the use and development of real property located within its borders. That zoning code divides the Township into several zoning "districts." (*See* Zoning Map, ECF #81-3.) The district at issue here is the "Multiple-Family Low Rise District," which is also known as the "RML" District. That district is created by Chapter 1262 of Clinton Township's Code of Ordinances (the "RML Zoning Ordinance"). (*See* RML Zoning Ordinance, ECF #81-4.) The RML Zoning Ordinance explains that the RML District "is intended to provide sites for multiple-family dwelling structures which may serve as zones of transition between high-traffic carrying thoroughfares and One-Family Residential Districts." (RML Zoning Ordinance at § 1262.01, ECF #81-4 at Pg. ID 3432.)

Even though the RML District is intended to promote the development of multiple-family dwelling structures, other uses are permitted as a matter of right in the district. For example, publicly-owned libraries and parks, municipal buildings, swim clubs, colleges, universities, and "public, parochial and other private elementary, intermediate, and/or high school[s]" may locate and operate in the RML

District as a matter of right.[1] (Clinton Twp. Zoning Code at § 1258.02, ECF #81-5 at Pg. ID 3435-36.)

Churches, however, cannot locate as a matter of right in the RML District. Instead, churches must acquire a special use permit in order to locate and operate in the RML District. (*See* RML Zoning Ordinance at § 1262.03(c), ECF #81-5 at Pg. ID 3432.)

**B**

River of Life is a religious organization that "combines Christianity with elements of Judaism and Jewish traditions." (Decl. of Michael Dorman at ¶3, ECF #81-2 at Pg. ID 3425.) Its pastor is Plaintiff Michael Dorman. (*See id.* at ¶2, Pg. ID 3425.) River of Life "spread[s] its faith through regular, weekly religious services." (*Id.* at ¶4, Pg. ID 3425.)

In 2001, Dorman purchased property located at 22515 Laurel in Clinton Township (the "Laurel Property"). (*See id.* at ¶6, Pg. ID 3425.) The Laurel Property is located in the RML District. (*See* Zoning Map, ECF #81-3.) As River of Life's "congregation began to grow, [Dorman] determined that [the Laurel Property] would

---

[1] The RML District allows, as a matter of right, "[a]ll principal and special condition uses permitted and as regulated in the immediately abutting One-Family Residential District." (RML Zoning Ordinance at § 1262.02(a), ECF #81-4 at Pg. ID 3432.) All the examples listed in text above are allowed as a matter of right in the One-Family Residential District. (*See* Clinton Twp. Zoning Code at § 1258.02, ECF #81-5 at Pg. ID 3435-36.) Therefore, those uses are also allowed as a matter of right in the RML District.

3

be [an] ideal [location] for River of Life" to hold its religious services and operate its church. (*Id.* at ¶7, Pg. ID 3425.) River of Life thereafter "acquired an ownership interest" in the Laurel Property. (*Id.* at ¶8, Pg. ID 3425.) It also applied for a special use permit from Clinton Township as required in the RML Zoning Ordinance. (*See* Permit Appl., ECF #81-7.)

On June 15, 2015, Clinton Township denied River of Life a special use permit. (*See* Clinton Twp. Bd. of Tr. Meeting Mins., ECF #81-12 at Pg. ID 3511-16.) That decision prohibited River of Life from operating a church at the Laurel Property.[2]

## II

River of Life and Dorman filed this action against Clinton Township on July 18, 2015. (*See* Compl., ECF #1; Am. Compl., ECF #8.) In the Amended Complaint, River and Life and Dorman brought seven claims against Clinton Township:

- Violation of the Substantial Burden provision of RLUIPA, 42 U.S.C. § 2000cc(a) (*see* Am. Compl., ECF #8 at ¶¶ 88-97);
- Violation of the Equal Terms provision of RLUIPA, 42 U.S.C. § 2000cc(b)(1) (*see id.* at ¶¶ 98-103);
- Violation of the Nondiscrimination provision of RLUIPA, 42 U.S.C. § 2000cc(b)(2) (*see id.* at ¶¶ 104-13);
- Violation of the First Amendment (*see id.* at ¶¶ 114-19);

---

[2] Clinton Township has since stipulated to an order allowing River of Life to use the Laurel Property as a church. (*See* Stipulated Order, ECF #40.)

4

- Violation of the Equal Protection Clause of the Fourteenth Amendment (*see id.* at ¶¶ 120-37);
- Retaliation in violation of the First Amendment (*see id.* at ¶¶ 138-44); and
- An "Appeal from Agency Action" (*see id.* at ¶¶ 145-49).

On February 6, 2019, and February 7, 2019, the parties filed cross-motions for summary judgment on all of the claims raised in the Amended Complaint. (*See* Mots., ECF ## 79, 81.) The Court held a hearing on the motions on May 29, 2019. It thereafter issued a ruling that resolved all aspects of the motions except for River of Life's and Dorman's request for summary judgment on their Equal Terms claim. (*See* Order, ECF #94.)

In the Equal Terms claim, River of Life and Dorman bring a facial challenge to the RML Zoning Ordinance. Dorman and River of Life allege that the RML Zoning Ordinance violates the Equal Terms provision of RLUIPA because it "treats religious uses on less equal terms than secular assembly uses by applying more restrictive locational regulations to the siting of religious uses compared to the siting of secular assembly uses." (Am. Compl. at ¶101, ECF #8 at Pg. ID 145.)

### III

The summary judgment standard is well-established. A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact . . . ." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)) (quotations

5

omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson*, 477 U.S. at 252. Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-252. "Credibility determinations, the weighing of the evidence, and the drafting of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Id.* at 255.

## IV

### A

The Equal Terms provision of RLUIPA provides that "[n]o government shall impose or implement a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution." 42 U.S.C. § 2000cc(b)(1). The elements of an Equal Terms claim are "(1) the plaintiff is a religious assembly or institution, (2) subject to a land use regulation, that (3) treats the plaintiff on less than equal terms, compared with (4) a nonreligious assembly or institution." *Tree of Life Christian Schs. v. City of Upper Arlington, Ohio*, 905 F.3d 357, 367 (6th Cir. 2018) (internal punctuation omitted). "The comparison required by RLUIPA's equal terms provision is to be conducted

with regard to the legitimate zoning criteria set forth in the municipal ordinance in question." *Id.* at 368.

B

River of Life is entitled to summary judgment on its claim that the RML Zoning Ordinance violates RLUIPA's Equal Terms provision. It is undisputed that River of Life satisfies the first two elements of this claim. It is a religious assembly or institution, and it is subject to a land use regulation (the RML Zoning Ordinance). The dispute here relates to the third and fourth elements of the claim. More specifically, the question before the Court is: Does the RML Zoning Ordinance, on its face, treat a religious assembly or institution less favorably than a nonreligious assembly or institution with respect to the relevant development criteria set forth in the ordinance? It does.

The stated purpose of the RML District is to "provide sites for multiple-family dwelling structures." (RML Zoning Ordinance at § 1262.01, ECF #81-4 at Pg. ID 3432.) *Every* use that is not a "multiple-family dwelling structure" undermines this purpose in the *same* way – by occupying a "site" that was intended for use as "multiple-family dwelling structure" with something else. For instance, a church, library, school, and/or swim club of the same size located in the RML District all have an identical impact on the RML District's stated purpose because they all use land for something *other* than a multi-family dwelling structure. But the RML

District treats the listed nonreligious uses more favorably than churches. Schools, libraries, and swim clubs may locate in the RML District as a matter of right, while churches may locate in the district only if they first obtain a special use permit. The RML Zoning Ordinance therefore treats churches less favorably than these nonreligious uses with respect to the zoning criteria at issue.[3]

For all of the reasons stated above, the RML Zoning Ordinance fails to treat religious uses on equal terms with comparable nonreligious uses. River of Live is therefore entitled to summary judgment on its RLUIPA Equal Terms claim.

## C

Clinton Township resists the Court's conclusion on several bases, but the Court does not find the Township's arguments persuasive.

---

[3] The RML Zoning Ordinance also provides that areas zoned RML "may serve as zones of transition between high-traffic carrying thoroughfares and One-Family Residential Districts." (RML Zoning Ordinance at § 1262.01, ECF #81-4 at Pg. ID 3432.) But this permissive language makes clear that creating "zones of transition" is not the purpose of the ordinance. Indeed, the ordinance establishes areas of multi-family dwellings that "may" *or may not* serve as "zones of transition." Moreover, Clinton Township has never suggested that the RML Zoning Ordinance's requirement that churches obtain a special use permit is related in any way to the impact that churches have on "zones of transition." In fact, the phrase "zones of transition" is never mentioned in Clinton Township's response to River of Life's and Dorman's summary judgment motion, and Clinton Township has not presented any argument related to the "zones of transition" language in the RML Zoning Ordinance. (*See* Clinton Twp. Resp. Br., ECF #83-1.) For these reasons, the RML Zoning Ordinance's reference to "zones of transition" cannot save the ordinance from River of Life's Equal Terms challenge.

**1**

Clinton Township first argues that the Court's analysis focuses on the wrong "land use regulation." (*See* Clinton Twp. Supp. Br., ECF #98.) Clinton Township says that the relevant "land use regulation" is not the RML Zoning Ordinance but is, instead, the Township's zoning code "as a whole." (*Id.* at Pg. ID 4567.) And Clinton Township insists that the zoning code, as a whole, does not treat churches less equally than nonreligious uses. Clinton Township says that its zoning code, as a whole, actually treats churches *more* favorably than nonreligious uses. (*See id.* at Pg. ID 4566-67.) Clinton Township highlights that, under the code, churches may locate in almost every zoning district with a special use permit and that many nonreligious uses are excluded from districts in which churches may locate with a special use permit. (*See id.*)

Clinton Township has not persuaded the Court that the relevant "land use regulation" here is the zoning code as a whole rather than the RML Zoning Ordinance specifically. It makes sense to treat the RML Zoning Ordinance as the relevant "land use regulation" because it is that specific ordinance provision, and not the code as a whole, that imposed the relevant restriction – *i.e.*, the special use permit requirement for operation of a church – on the Laurel Property. Moreover, River of Life has cited numerous decisions in which federal district and circuit courts have resolved Equal Terms challenges by looking at the particular zoning provision

burdening the plaintiff's real property instead of the defendant's zoning code as a whole. (*See* River of Life Supp. Br., ECF #97 at Pg. ID 4532-35.[4])

Furthermore, the Sixth Circuit's decision in *Tree of Life Christian Schools v. City of Upper Arlington*, 823 F.3d 365 (6th Cir. 2016), supports the Court's conclusion that the RML Zoning Ordinance, rather than Clinton Township's zoning code as a whole, is the relevant "land use regulation." In *Tree of Life*, a religious school sought to locate in an office building previously occupied by AOL/Time Warner. *See id.* at 367. The office building was located in the "ORC Office and Research District." *Id.* Religious schools were not permitted in the ORC District. The school sought to rezone the property, and the defendant city denied the rezoning application. The school filed suit and claimed that the zoning ordinance governing the ORC District violated RLUIPA's Equal Terms provision. *See id.* at 366-67. The city argued that even if the religious school could not locate in the ORC District, the plaintiff's Equal Terms claim failed because the plaintiff could "locate elsewhere in 95% of the land that exists in [the city]." *Id.* at 373.

---

[4] River of Life relies upon, among other cases: *Lighthouse Inst. for Evangelism, Inc. v. City of Long Beach*, 510 F.3d 253 (3d. Cir. 2007) (evaluating whether exclusion of church from specifically-zoned "Broadway Corridor" violated RLUIPA Equal Terms provision); *Opulent Life Church v. City of Holly Springs Miss*, 697 F.3d 279 (5th Cir. 2012) (evaluating whether exclusion of church from specific "Business Courthouse Square District" violated RLUIPA Equal Terms provision); *New Life Ministries v. Charter Township of Mt. Morris*, 2006 WL 2583254 (E.D. Mich. Sept. 7, 2007) (evaluating whether exclusion of church from specific "C-2 Commercial District" violated RLUIPA's Equal Terms provision).

The Sixth Circuit rejected that argument. It explained that "*it is not a defense that a government discriminates against religious assemblies and institutions only in part, rather than all, of its jurisdiction.*" *Id.* (emphasis added.) This reasoning strongly suggests that in the context of a RLUIPA claim, the relevant "land use regulation" is the provision of a municipality's zoning code that directly affects the plaintiff's property, not other provisions of the code that apply elsewhere in the jurisdiction. More fundamentally, this passage from *Tree of Life* indicates that Clinton Township cannot defeat River of Life's Equal Terms claim by highlighting how its zoning ordinance treats religious uses in *other* zoning districts that apply to *other* property *elsewhere* in the Township.

Furthermore, Clinton Township has not cited any case holding that a court confronted with a RLUIPA Equal Terms claim should review a municipal defendant's zoning code as a whole rather than the provision of that code that applies to the plaintiff's real property. In Clinton Township's supplemental brief on the relevant "land use regulation" issue, it relied on a single case: *Thai Mediation v. City of Mobile*, 349 F. Supp. 3d 1165 (S.D. Ala. 2018). According to Clinton Township, in *Thai Mediation*, the court "ma[de] it clear [that] it looks at the zoning ordinance and all relevant parts" when reviewing a facial Equal Terms challenge. (Clinton Twp. Supp. Br., ECF #98 at Pg. ID 5464.) But the district court's decision in *Thai Mediation* did not address whether a court should look at the zoning code as a whole

11

when reviewing a plaintiff's Equal Terms claim. Instead, the district court granted the municipal defendant summary judgment on the basis that the plaintiffs had "failed to produce *prima facie* evidence of a similarly situated comparator." *Thai Mediation*, 349 F.Supp.3d at 1197. *Thai Mediation* therefore does not stand for the proposition that a court should look to the zoning code *as a whole* when resolving an Equal Terms challenge.[5]

### 2

Clinton Township next asserts that religious uses are not treated on less than equal terms than nonreligious uses in the RML District because certain other nonreligious uses also require special use permits to locate in the RML District. (*See* Clinton Twp. Supp. Br., ECF #98 at Pg. ID 4565.) For example, cell phone towers,

---

[5] Clinton Township's citation and reliance on *Thai Mediation* is confusing. In the text of Clinton Township's supplemental brief, it cited the published September 28, 2018, summary judgment opinion of the United States District Court for the Southern District of Alabama in the *Thai Mediation* litigation. (*See* Clinton Twp. Supp. Br. at ECF #98, Pg. ID 4564, citing *Thai Mediation*, 349 F. Supp. 3d 1165 (2018).) However, after citing that published decision, Clinton Township discussed (and attached to its brief) a different ruling from much earlier in the *Thai Mediation* litigation. That ruling is an October 12, 2016, report and recommendation from a magistrate judge resolving the defendant's motion to dismiss. (*See* ECF #98-6, attaching report and recommendation resolving defendant's motion to dismiss). In any event, the report and recommendation does not persuade the Court that it should look beyond the RML Zoning Ordinance here. In the report and recommendation, the assigned magistrate judge did reference the zoning code as a whole, but his analysis of the plaintiff's Equal Terms claim focused on the specific "R-1 zoning districts" in dispute, not on the code as a whole. (ECF #98-6 at Pg. ID 4805.)

golf courses, and cemeteries must obtain a special use permit before locating in the RML District. (*See id.* at Pg. ID 4565-66.)

But a municipal land use ordinance does not pass muster under the Equal Terms provision simply because the ordinance treats a religious use as well as *some* comparable nonreligious uses. On the contrary, the plain text of the Equal Terms provision makes clear that a municipal ordinance may not treat a religious use less favorably than *any* comparable nonreligious use. *See* 42 U.S.C. § 2000cc(b)(1) (prohibiting land use regulations that treat a religious use or assembly on less favorable terms than "*a* religious or nonreligious use") (emphasis added). Thus, the Court rejects Clinton Township's argument that the RML Zoning Ordinance complies with RLUIPA's Equal Terms provision because the ordinance treats churches the same as some other nonreligious uses.

### 3

Finally, Clinton Township argues that the decision in *Alger Bible Baptist Church v. Township of Moffatt*, 2014 WL 462354 (E.D. Mich. Feb. 5. 2014), compels the conclusion that the RML Zoning Ordinance does not violate RLUIPA's Equal Terms provision. In *Alger*, a church brought a RLUIPA Equal Terms challenge to a provision of a township ordinance that prohibited the church from locating in the "Highway Commercial" zoning district. *Id.* at *1. Another Judge on this court granted the township's motion to dismiss that claim. *See id.* The court

13

explained that the stated intent of the "Highway Commercial" district was to "promote commercial growth." *Id.* at *5. To accomplish that goal, the applicable zoning ordinance "prohibit[ed] any use in [the Highway Commercial District]—*religious or otherwise*—if the institution [did] not produce revenue and promote commercial growth." *Id.* at *10 (emphasis added). The court therefore concluded that the zoning ordinance at issue did not "differentiate" between religious and secular uses – *all* uses were prohibited if they did not generate revenue and promote commercial growth. *Id.*

The zoning ordinance at issue in *Alger* differs sharply from the RML Zoning Ordinance here. As explained above in Section IV(B), the RML Zoning Ordinance *does* "differentiate" between religious and secular uses with respect to the relevant zoning criteria. Therefore, unlike the ordinance in *Alger*, the RML Zoning District treats religious uses less favorably than comparable nonreligious uses.

**D**

Dorman, individually, is not entitled to summary judgment in his favor with respect to his RLUIPA Equal Terms claim, and Clinton Township is entitled to summary judgment in its favor on that claim by Dorman. As Dorman's counsel candidly acknowledged at the hearing on the summary judgment motions, Dorman cannot maintain a claim under RLUIPA's Equal Terms provision because he is not a "religious assembly or institution" – the only entities upon which the Equal Terms

14

provision confers rights. *See* 42 U.S.C. § 2000cc(b)(1). Accordingly, the Court **DENIES** Dorman summary judgment on his Equal Terms claim and **GRANTS** Clinton Township summary judgment on that claim by Dorman.

**V**

For all of the reasons explained above, the Court (1) **GRANTS** River of Life's motion for summary judgment on its Equal Terms claim, (2) **DENIES** Dorman's motion for summary judgment on his Equal Terms claim, and (3) **GRANTS** summary judgment in favor of Clinton Township on Dorman's Equal Terms claim.

**IT IS SO ORDERED**.

Dated: July 24, 2019

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 24, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

15