UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DORMAN *et al.*,

      Plaintiffs,                              Case No. 15-cv-12552
                                                    Hon. Matthew F. Leitman

v.

CHARTER TOWNSHIP OF CLINTON,

      Defendant.

_____/

## ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFFS' SECOND MOTION FOR INTERIM ATTORNEY FEES (ECF No. 100) AND (2) TERMINATING PLAINTIFFS' MOTION REQUESTING RULING (ECF No. 106) AS MOOT

In this action, Plaintiff River of Life Ministries, INT and its pastor, Plaintiff Michael Dorman, challenge a provision of Defendant Clinton Township's zoning code that applies to the real property located at 22515 Laurel (the "Laurel Property") on which River of Life wants to locate and operate its church. In an Amended Complaint, River of Life and Dorman bring seven claims against Clinton Township:

- Violation of the Substantial Burden provision of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc(a) (*see* Am. Compl., ECF No. 8 at ¶¶ 88-97);

- Violation of the Equal Terms provision of RLUIPA, 42 U.S.C. § 2000cc(b)(1) (*see id.* at ¶¶ 98-103);

- Violation of the Nondiscrimination provision of RLUIPA, 42 U.S.C. § 2000cc(b)(2) (*see id.* at ¶¶ 104-13);

- Violation of the First Amendment (*see id.* at ¶¶ 114-19);

- Violation of the Equal Protection Clause of the Fourteenth Amendment (*see id.* at ¶¶ 120-37);

- Retaliation in violation of the First Amendment (*see id.* at ¶¶ 138-44); and

- An "Appeal from Agency Action" (*see id.* at ¶¶ 145-49).

On December 8, 2017, Clinton Township agreed to permit River of Life to use the Laurel Property as a church. (*See* Stipulated Order, ECF No. 40.) Dorman and River of Life thereafter filed a motion for interim fees and costs pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988(b). (*See* First Attorney Fee Mot., ECF No. 43.) Section 1988(b) permits a court to award attorney fees and costs to a "prevailing party" in a RLUIPA action. It provides, in relevant part, that "[i]n any action or proceeding to enforce a provision of …. [RLUIPA] … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

The Court, over Clinton Township's opposition, awarded Dorman and River of Life a substantial amount of interim fees. (*See* Order, ECF No. 64.) More specifically, the Court ordered Clinton Township to pay Dorman and River of Life $60,897.00 in attorney fees and $1,268.69 in costs. (*See id.*, PageID.2355.)

Even though Clinton Township granted River of Life permission to use the Laurel Property as a church in 2017, this litigation continued, and Dorman and River of Life have won some victories. Since the Court awarded Dorman and River of

Life interim fees, it has, among other things, entered orders (1) granting Dorman's and River of Life's motion to disqualify Clinton Township's counsel Robert Davis (*see* Order, ECF No. 75) and (2) granting River of Life's motion for summary judgment on its Equal Terms claim, denying Dorman's motion for summary judgment on his Equal Terms claim, and granting Clinton Township's motion on Dorman's Equal Terms claim (*see* Op. and Order, ECF No. 99).

On August 22, 2019, Dorman and River of Life filed a second motion seeking interim fees and costs under Section 1988(b). (*See* Second Attorney Fee Mot., ECF No. 100.) Dorman and River of Life have also filed a motion seeking an expedited ruling on their interim fee motion. (*See* Mot., ECF No. 106.) Clinton Township opposes both motions. (*See* ECF Nos. 103, 107.) The Court concludes that it may resolve the motions without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

The Court has carefully reviewed Dorman's and River of Life's motions and declines to exercise its discretion to provide another interim award of fees and costs at this time. As described above, the Court has already exercised that discretion once and provided Dorman and River of Life a substantial interim fee award. The Court believes that the best time to assess the value and appropriate amount of the fees incurred since the Court's first award is at the conclusion of this case. At that point, the Court will have a fuller appreciation of, and better perspective from which to assess, the additional value, claimed necessity and propriety, and worth of the legal

work performed since the Court's prior interim fee award. Thus, under these circumstances, the most prudent course of action is to review Dorman's and River of Life's request for fees at the end of the case.

Accordingly, for the reasons stated above, the Court **DENIES** Dorman's and River of Life's second motion for interim attorney fees (ECF No. 100) **WITHOUT PREJUDICE** to Dorman's and River of Life's ability to seek these fees at the conclusion of this case. The Court will also **TERMINATE AS MOOT** Dorman's and River of Life's motion for an expedited ruling on their attorney fee request (ECF No. 106).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 26, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 26, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764