UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DORMAN, *et al.*,

    Plaintiffs,

Case No. 15-cv-12552
Hon. Matthew F. Leitman

v.

TOWNSHIP OF CLINTON,

    Defendant.
_____/

### ORDER RESOLVING MOTIONS IN LIMINE

On June 22, 2022, the Court held the Final Pre-Trial Conference in this action. For the reasons explained on the record during that conference, the parties' motions *in limine* are resolved as follows:

- Plaintiffs' motion to adjourn trial (ECF No. 134) is **TERMINATED AS MOOT**;

- Plaintiffs' motions *in limine* (ECF Nos. 140, 141, 142, 143, and 144) are **GRANTED**;

- Defendant's motion *in limine* to exclude testimony or documentary evidence of loss of use damages after the entry of the stipulated order on December 8, 2017 (ECF No. 145), is **DENIED**; and

- Defendant's motion *in limine* to strike witnesses and exclude evidence (ECF No. 146) is **GRANTED** as described herein. Absent further order of the

1

    Court, Plaintiffs shall not call as witnesses or introduce into evidence as trial any witnesses or exhibits that were not disclosed during discovery and/or that were first disclosed in Plaintiffs' Rule 26(a)(3) disclosures or Plaintiffs' trail witness and exhibit lists.  However, as the Court indicated on the record during the Final Pre-Trial Conference, the Court will give Plaintiffs an opportunity at trial to show that (1) any individual witness or any particular document was properly the subject of a timely supplementation under Rule 26(e) and/or could not reasonably have been disclosed to Defendant earlier than it was and (2) allowing Plaintiffs to present the witness(es) or document(s) would not unfairly prejudice the Defendant.

- Finally, as the Court explained on the record when discussing the motions *in limine*, Plaintiffs shall be precluded from introducing evidence relating to any criminal proceedings brought against Plaintiffs related to the property at issue. As the Court explained, the First Amended Complaint does not contain any allegations or claims for damages arising out of those criminal proceedings, and those proceedings were not brought to the Court's attention until after the close of discovery, briefing was complete on the parties' summary judgment motions, and Court issued a comprehensive Opinion and Order resolving those motions.  For those reasons, in 2020, the Court declined to permit Plaintiffs to conduct discovery into the criminal proceedings and denied

Plaintiffs permission to expand this lawsuit to include a claim for damages arising out of those proceedings. Likewise, Plaintiffs shall not be permitted to seek damages from Defendant based on alleged wrongs committed by the Defendant after the filing of the First Amended Complaint. Such alleged wrongs have not been made part of this action.

**IT IS SO ORDERED**.

Dated: June 22, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 22, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126