UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DORMAN, *et al.*,

    Plaintiffs,

v.

                                    Case No. 15-cv-12552
                                    Hon. Matthew F. Leitman

TOWNSHIP OF CLINTON,

    Defendant.

_____/

**<u>ORDER DENYING PLAINTIFFS' MOTION</u>**
**<u>TO AMEND SCHEDULING ORDER (ECF No. 227)</u>**

More than nine years ago, Plaintiffs Michael Dorman and the religious organization he founded, River of Life Ministries, INT (collectively, the "Dorman Plaintiffs") filed this action against Defendant Charter Township of Clinton. (*See* Compl., ECF No. 1.) The Dorman Plaintiffs allege that the Township violated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") and the First Amendment when the Township refused to allow them to operate a church on property that they own in the Township. (*See id.*)

This action is one of the oldest active cases on the Court's docket. For that reason, the Court has repeatedly stressed to the parties the need to get the case tried. And the Court previously set two firm trial dates. But it ended up adjourning both of those dates – with one of those adjournments coming at the request of the Dorman Plaintiffs on the day before trial was set to begin and the other granted because the

1

Township's attorney had a medical issue that prevented him from proceeding as scheduled.

In September of 2024, the fifth retained attorney for the Dorman Plaintiffs appeared in the case. The Court held a status conference with counsel that same month and repeated to him the Court's often-expressed view that the case needs to be set for trial. (09/23/2024 Status Conf. Tr., ECF No. 214, PageID.7125-7126.) The Court thereafter set another firm trial date of February 27, 2025. (*See* Am. Case Mgmt. Order, ECF No. 218.)

On December 24, 2024, more than a month after the Court set the February 27 trial date, the Dorman Plaintiffs filed a motion to adjourn the trial. (*See* Mot., ECF No. 227.) In the motion, the Dorman Plaintiffs' fifth lawyer insists that he does not have enough time to prepare for trial, and he asks the Court to adjourn the trial by 90 days. (*See id.*)

The Court has carefully reviewed the motion and concludes that a further delay of trial in this case is neither necessary nor appropriate. It is fair and reasonable to require the Dorman Plaintiffs to proceed to trial as scheduled with their new lawyer. The Dorman Plaintiffs have known for more than a year that the Court intended to push the case toward trial, yet they chose to retain new counsel. Moreover, a review of the docket by new counsel prior to his entry into this case would have revealed that the case was trial-ready and that it had twice been set for

2

trial. Thus, to some degree, the Dorman Plaintiffs and new counsel assumed the risk that new counsel would have to prepare for trial on an accelerated schedule. Furthermore, the Court is confident that it has given new counsel sufficient time to prepare for trial. As noted above, since last September, new counsel has been on notice that the Court intended to proceed to trial, and he could have begun preparing in earnest at that point. Instead of focusing exclusively on trial preparation, he chose to devote time to drafting and filing several motions. That was certainly his choice, but having made that choice, he is in less of a position to complain about a lack of time to prepare for trial. Finally, while the claims asserted here are substantial ones, the evidentiary record is not nearly as voluminous as new counsel suggests, and the Court is confident that new counsel and the Dorman Plaintiffs can and should be ready for trial at the end of February – which is still roughly six weeks away. Thus, for these reasons and those explained below, the motion to adjourn is **DENIED**.

**I**

The Dorman Plaintiffs filed this case more than nine years ago, on July 18, 2015. (*See* Compl., ECF No. 1.) After the case was filed, the Court afforded the parties a substantial amount of time to conduct discovery and prepare their cases. The Court initially provided the parties seven months for fact discovery, and an additional three months of expert discovery. (*See* Case Mgmt. Order, ECF No. 16.) The Court then extended that discovery period on four separate occasions – several

times at the Dorman Plaintiffs' request. (*See*, *e.g.*, Dorman Plaintiffs' Mot. to Adjourn Scheduling Order, ECF No. 25; Stipulated Order, ECF No. 42.) The Court ultimately extended fact discovery through December 17, 2018, more than two years after this case was first filed. (*See* Orders, ECF Nos. 16, 27, 42, 70.) Following the close of discovery and motion practice, the action was substantially delayed by the COVID-19 pandemic.

Once the Court began holding trials again following the delay caused by the COVID-19 pandemic, the Court set a firm trial date in this case: July 12, 2022. (*See* Order, ECF No. 133.) But the Court ultimately adjourned that date on the eve of trial at the Dorman Plaintiffs' request. As the Court has previously explained in greater detail (*see* Order, ECF No. 217, PageID.7172), on the day before trial was set to begin, the Court ruled that the Dorman Plaintiffs would not be permitted to seek punitive damages during trial. (*See* 7/11/2022 Status Conf. Tr., ECF No. 176, PageID.6136-6147.) When the Court announced that ruling, the Dorman Plaintiffs asked the Court to adjourn the trial – which, again, was set to begin the very next day – so that they could seek permission to file an interlocutory appeal. (*See id.*, PageID.6148.) The Court agreed to adjourn the trial date so that the Dorman Plaintiffs could brief the issue of whether the Court should grant them leave to appeal. (*See id.*, PageID.6151-6153.) The Dorman Plaintiffs then filed that motion,

4

and on January 31, 2023, the Court denied it. (*See* Mot., ECF No. 177; Order, ECF No. 189.)

Then, during proceedings on May 5, 2023, the Court asked counsel for the Dorman Plaintiffs if there was "anything else we needed to do . . . from the Plaintiffs' perspective before putting this [case] back on the active trial calendar."[1] The Dorman Plaintiffs' counsel indicated that he wanted the opportunity to file a motion for leave to amend the Dorman Plaintiffs' Complaint, and the Court granted the Dorman Plaintiffs' additional time to file that motion. It then entered an order directing the Dorman Plaintiffs to file that motion by no later than June 20, 2023. (*See* Order, ECF No. 196.) The Dorman Plaintiffs did not file a motion by that deadline. Instead, nine days after the deadline expired, the Township's lawyer sent an email to the Court on behalf of the parties asking the Court to grant the Dorman Plaintiffs a six-week extension to file their motion. The Court agreed to that extension. But the Dorman Plaintiffs still did not file a motion by the extended deadline. Thus, despite asking the Court to delay setting a trial date so that they

---

[1] Throughout this section, the Court references and quotes from on-the-record hearings and status conferences for which formal transcripts have not yet been prepared. These hearings and status conference were conducted electronically via Zoom. In preparing this order, the Court has reviewed both the video and Zoom-prepared transcripts from the hearings and conferences to ensure that its references and quotes above are accurate.

could file a motion for leave to amend their Complaint, the Dorman Plaintiffs never filed that motion, further delaying these proceedings.

Since that extended deadline expired, the Court has repeatedly made clear its desire to hold a trial in this action as soon as its docket would permit. To that end, on September 23, 2023, the Court held a status conference with counsel for all parties. During that conference, the Court asked counsel for the Dorman Plaintiffs what he "propose[d]" the "next step in the case" would be. Counsel responded that he wanted "about ninety days" to explore a potential settlement framework with the Township. The Court then reminded the parties that "this case has been hanging out there forever" and that the Court did not "love the idea of more delay." But it said that it was "willing to give [the parties] some time" to explore whether they could reach a settlement. It therefore adjourned the status conference for approximately sixty days.

The Court reconvened with the parties on November 27, 2023. During that conference, the Court told counsel that while it had "great affection" for them personally, the Court was "losing patience for this case" and the repeated delays in having the case tried. The parties again asked for additional time to explore a potential settlement framework. The Court granted them that time, but it also said that if the parties did not make "firm progress" on settlement, it would "set this [case] for a trial" during its next status conference.

6

The Court held that next conference on February 13, 2024. At that conference, the Court told the parties that it was "running out of options" to "get the case moving." In an effort to highlight the age of the case, the Court even joked that it was "in the seventh grade" when the case first started. It further joked that "the Sixth Circuit [was] about to come down on [the Court's] rear end if [the Court did not] get this case moving." The Court therefore told the parties that, in its view, "the next step is, we need a trial date." Notably, the Dorman Plaintiffs' counsel agreed. After getting that agreement, the Court told the parties that unfortunately the date would not be as soon as the Court wanted because the Court's docket was full, but the Court said that its staff would contact counsel to set a mutually convenient trial date.

The Court then set this case to begin trial on July 23, 2024. (*See* Am. Case Mgmt. Order, ECF No. 206.) The Court was later forced to adjourn that date because a serious health issue arose for the Township's counsel.[2]

After the Township's counsel recovered from his illness, but before the Court could set a new trial date, the Dorman Plaintiffs' fifth retained attorney appeared in this case. (*See* Appearance, ECF No. 210.) The Court held a status conference with that counsel shortly thereafter. During that conference, the Court immediately informed counsel of the Court's desire to promptly set this case for trial. It then

---

[2] During a May 3, 2023 status conference, the Court likewise offered the Dorman Plaintiffs' the opportunity to adjourn dates when their then-counsel experienced a serious health issue.

7

highlighted that this case was "nine years old" and was "the oldest active case on [the Court's docket]." (09/23/2024 Status Conf. Tr., ECF No. 214, PageID.7121.) The Court then stressed, repeatedly, that the Court's "inclination [was] to set this [case] for a trial date" and that "in a case [like this] that is nearing [its] ten-year anniversary, the next step . . . is a trial." (*Id.*, PageID.7125-7126.) Thus, it should have been clear to new counsel as early as September 23, 2024, that there was a substantial likelihood that this case would be set for trial in the near future.

During the same status conference, new counsel raised a concern that he had not yet received the case files from the Dorman Plaintiffs' former counsel. In response, the Court offered to personally intervene to ensure that counsel received the files promptly, and it even asked the Township's counsel to personally reach out to the Dorman Plaintiffs' former attorney – with whom the Township's lawyer had a collegial working relationship – in order to facilitate the transfer of the case file. (*Id.*, PageID.7124-7125.) The Court told the Dorman Plaintiffs' new counsel to contact the Court by the end of the week if he had not received the file, and counsel never did so. (*See id.*, PageID.7128.)

Finally, after the Court advised the Dorman Plaintiffs' new counsel that it planned to set a trial date, counsel spent time drafting and filing four motions, including a motion to supplement the now-pending Amended Complaint with new claims (*see* Mot., ECF No. 213), an untimely motion for reconsideration (*see* Mot.,

8

ECF No. 222), a motion to extend the time to file the untimely motion for reconsideration (*see* Mot., ECF No. 223), and a motion to disqualify the Court (*see* Mot., ECF No. 220).

The Court has set a new firm trial date of February 27, 2025. That date is more than five months after the Dorman Plaintiffs' new counsel first appeared in this case and more than 100 days after the Court first indicated to new counsel that it intended to set the case for trial. On December 24, 2024, the Dorman Plaintiffs filed this motion to adjourn the trial date.[3] (*See* Mot., ECF No. 227.) At that time, the Dorman Plaintiffs and their new counsel still had more than sixty days to prepare for trial.

## II

As the Dorman Plaintiffs recognize, a motion to adjourn trial and to amend a Court's scheduling order is left to the Court's "sound discretion." (Mot., ECF No. 227, PageID.7354.) But the Dorman Plaintiffs have failed to acknowledge the breadth of that discretion. Because "civil trial dates" are "an increasingly precious

---

[3] The Township has not filed a response to the Dorman Plaintiffs' motion to adjourn the trial date. However, under this Court's Local Rules, before the Dorman Plaintiffs could file their motion, they were required to seek concurrence in the relief sought in the motion from the Township. *See* E.D. Mich. Local Rule 7.1(a). Because the Plaintiffs filed their motion, the Court may reasonably presume that the Township opposes the relief sought by the Dorman Plaintiffs. In any event, it is incumbent upon the Court to make its own individual assessment as to whether to modify its current Case Management Order, and for all of the reasons explained above, it does not believe that adjourning the current trial date is necessary or appropriate.

9

commodity in our nation's courts," *Moffit v. Ill. State Bd. of Educ.*, 236 F.3d 868, 873 (7th Cir. 2001), district courts have especially broad discretion to hold parties in a civil action to reasonably set trial dates. Indeed, "[a] district court's discretion to deny a continuance is particularly robust in civil cases[.]" *Integrated Design Eng'g & Analysis Servs., Inc. v. Giddy Holdings, Inc.*, No. 21-3433, 2022 WL 874310, at *4 (6th Cir. Mar. 24, 2022). That discretion is so broad that "[i]t is hard to imagine an area in which an appellate court should give a trial court more leeway than in scheduling civil trials and considering continuance motions." *Prime Rate Premium Fin. Corp., Inc v. Larson*, 930 F.3d 759, 766 (6th Cir. 2019).

In addition to arguing that a denial of a continuance would be an abuse of discretion, the Dorman Plaintiffs appear to argue that a denial would amount to a violation of their due process rights. (*See* Mot., ECF No. 227, PageID.7356-7357.) As the Dorman Plaintiffs rightly acknowledge, they must satisfy a demanding standard in order to establish that the denial of their request for a continuance would violate those rights. In the words of the Sixth Circuit, "[t]he denial of a . . . motion for continuance amounts to a constitutional violation only if there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Franklin v. Bradshaw*, 695 F.3d 439, 452 (6th Cir. 2012) (quoting *United States v. King*, 127 F.3d 483, 486–87 (6th Cir. 1997)).

10

### III

Under the circumstances of this case, it would neither be unfair nor a denial of due process to hold the Dorman Plaintiffs to the current trial date.

As an initial matter, it should come as no surprise to the Dorman Plaintiffs that the Court has set a February 2025 trial date, and their new counsel reasonably should have expected a prompt trial date when he agreed to undertake their representation and appear in this case. As explained in detail above, the Court has repeatedly indicated on the record for more than one year that it intended to proceed with trial as soon as its docket would allow. In fact, the Court had set two prior trial dates. Simply put, at least to some degree, the Dorman Plaintiffs and their new counsel assumed the risk that new counsel would have to prepare for trial on a somewhat compressed schedule.

Second, the Court is confident that the Dorman Plaintiffs' new counsel has been provided sufficient time to prepare for trial. As explained above, counsel was on notice as early as September 23, 2024 – five months before the now-scheduled trial date – that the Court intended to schedule the trial. Counsel could have begun his preparation at that time. Instead, counsel made a strategic choice to file a number of motions. That choice was his to make – but it came with the logical consequence that it could limit the time available for him to prepare for trial. Moreover, after the Court formally set the trial date, counsel still had 105 days (from the date of the

Amended Case Management Order to the trial date) to prepare for trial. And while the required trial preparation is not insubstantial, it is not as onerous as counsel suggests. For instance, counsel highlights that there are numerous multi-page deposition exhibits, including, among other things, minutes of meetings of Township bodies. But the bulk of those minutes relate to matters *other* than the Township's dealings with the Dorman Plaintiffs (*see, e.g.*, ECF No. 81-9) and are thus irrelevant and do not need to be reviewed. Likewise, counsel reports that there are a total of 446 pages of deposition transcripts that need to be reviewed. But that is not a large number of transcript pages for a civil action pending in this Court. Finally, when asked by the Court on February 13, 2024, counsel for both parties (including the Dorman Plaintiffs' former counsel) indicated that they would be able to present each of their cases in three days. The Dorman Plaintiffs' new counsel will have had sufficient time to prepare for a trial of roughly six days.

Third, contrary to the Dorman Plaintiffs' suggestion, adjourning the trial further will cause scheduling problems. The Court has a full docket, complete with criminal cases that require a trial within time frames mandated by statute and the Sixth Amendment. The Court has found a window of time that works for this trial and does not conflict with other time-sensitive trials. It is not clear when another such window will open up. Thus, adjourning this trial again would cause scheduling problems for the Court.

Fourth, an adjournment would also cause problems for the Township. Its attorneys have repeatedly raised the issue of missing witnesses (*see, e.g.*, 01/31/2023 Mot. Hr'g Tr., ECF No. 195, PageID.6896-6897), and further delay would risk the additional loss of witnesses – not to mention additional fading of memories in a case that has been pending for nearly a decade.

Finally, the Dorman Plaintiffs have not cited a single case in which a federal district court has adjourned a civil trial date under circumstances like those presented here, or in which a federal court of appeals has reversed a denial of a motion to adjourn a civil trial date under circumstances like those presented here. Indeed, the primary cases he relies upon are materially distinguishable and/or do not support his requested adjournment.

In *United States v. 9.19 Acres of Land*, 416 F.2d 1244 (6th Cir. 1969), for example, trial was set to begin on October 10, 1968. One week before the trial date, the president of a corporation that had an interest in the proceedings learned for first time that he could not represent the corporation at trial and that corporation could appear only through counsel. *See id.* He tried to retain a lawyer during that week but could not do so. On the day of trial, the district court refused to grant *any* continuance and "proceeded [with the trial] *ex parte*." *Id.* The Sixth Circuit held that the district court's actions were unreasonable and that there was "insufficient time for [the corporation's president] to retain counsel." *Id.* That is a far cry from the

13

circumstances presented here, where the Court has granted the Dorman Plaintiffs several continuances of the schedule, including a previously scheduled trial date, and where their new counsel had more than five months between his initial appearance in the case and trial. Moreover, *9.19 Acres of Land* actually cuts against the requested continuance here. In that case, the Sixth Circuit cited several examples of "reasonable continuances," and each of those continuances was 30 days or less. *See id.* Here, the Dorman Plaintiffs have had far more than thirty days to prepare for trial.

The Dorman Plaintiffs also rely upon *Powell v. Collins*, 332 F.3d 376 (6th Cir. 2003). But *Powell* was a death penalty habeas case that bears no resemblance to this civil dispute. Furthermore, the Sixth Circuit *denied* habeas relief in *Powell* even though the state trial court had declined to grant a continuance of the petitioner's trial. *See id.*

Finally, the Dorman Plaintiffs cite the Sixth Circuit's decision in *Gerber v. Veltri*, 702 F. A'ppx 423 (6th Cir. 2017). But that is another case in which the court found no error in a district court's refusal to grant a continuance. *See id.* at 431 ("[T]he district court's decision to deny plaintiff a continuance was not an abuse of discretion or a violation of the right to due process."). Nothing in *Gerber* suggests that a continuance is warranted here.

14

For all of these reasons, the Court declines to further delay this nearly decade old case. The Court is confident that under the circumstances presented here, it is neither unfair nor a denial of due process to hold the trial as scheduled. The time has come to bring this case to its natural (and long delayed) conclusion.

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>MATTHEW F. LEITMAN<br>UNITED STATES DISTRICT JUDGE

Dated: January 13, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>Case Manager<br>(313) 234-5126