UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DORMAN, *et al.*,

    Plaintiffs,

v.

Case No. 15-cv-12552
Hon. Matthew F. Leitman

TOWNSHIP OF CLINTON,

    Defendant.

_____/

**ORDER (1) GRANTING PLAINTIFFS' MOTION TO EXTEND THE TIME TO FILE A MOTION FOR RECONSIDERATION (ECF No. 223) AND (2) DENYING MOTION FOR RECONSIDERATION (ECF No. 222)**

This case is over nine years old. Discovery closed and summary judgment motions were decided years ago. Nonetheless, last year, the Court offered Plaintiffs Michael Dorman and the religious organization he founded, River of Life Ministries, INT (collectively, the "Dorman Plaintiffs"), the opportunity to seek leave to supplement their then-pending Amended Complaint with new claims based upon misconduct that Defendant Township of Clinton allegedly committed after this action was first filed. The Court then extended that deadline by six weeks – giving the Dorman Plaintiffs until August 10, 2023[1] – to file a motion to add their new

---

[1] The request to extend the Dorman Plaintiffs' deadline to add new claims was made after the initial deadline that the Court had set already expired. The August 10, 2023, extended deadline referenced above was six weeks from the date that the parties requested that the initial deadline be extended.

claims and allegations. The Dorman Plaintiffs never attempted to meet the extended deadline. Instead, after the extended deadline expired, at a status conference held on February 13, 2024, the Dorman Plaintiffs' counsel told the Court that the Dorman Plaintiffs were ready to proceed to trial.

The Dorman Plaintiffs thereafter replaced that attorney, and, on October 15, 2024 – roughly eighteen months after the deadline to seek leave to supplement the Amended Complaint had expired – the Dorman Plaintiffs' new counsel sought leave to file a supplemental Complaint and re-open discovery. (*See* Mot., ECF No. 213.) In that motion, the Dorman Plaintiffs did not mention the deadline that the Court had previously set and extended. Likewise, they offered no explanation in the motion as to why they failed to meet that deadline with respect to the new supplemental claims that arose before the deadline had expired. Finally, new counsel did not explain why supplementation was appropriate given prior counsel's statement that the case was ready for trial.

The Court denied the motion in a written order dated November 14, 2024. (*See* Order, ECF No. 217.) The Court declined to allow the proposed supplemental claims and to re-open discovery for several reasons, including that (1) the Dorman Plaintiffs did not acknowledge the extended deadline for seeking leave to supplement their Amended Complaint nor did they offer a justification for missing the extended deadline with respect to the claims related to the criminal charges, (2)

2

allowing the new claims would meaningfully further delay this trial-ready action by necessitating additional discovery into the new claims and motions for summary judgment directed at the new claims, (3) the Dorman Plaintiffs had failed to cite any case in which any court had allowed supplementation of a pleading under circumstances like those presented here, and (4) denying the Dorman Plaintiffs leave to add their new claims in this action would not necessarily leave them without a remedy for the alleged wrongful acts of the Township because the Dorman Plaintiffs could assert their proposed new claims in a new civil action. (*See id.*, PageID.7177-7178.)

On December 6, 2024, the Dorman Plaintiffs filed a motion for reconsideration of the Court's order denying their motion to supplement their Amended Complaint and re-open discovery. (*See* Mot., ECF No. 222.) The Dorman Plaintiffs acknowledge that their motion is late, and they therefore also filed a motion asking the Court to extend the deadline to file the motion. (*See* Mot., ECF No. 223.) The Court has carefully reviewed both motions. Because the Court is persuaded that it should address the Dorman Plaintiffs' motion for reconsideration on the merits, it **GRANTS** their motion for an extension of time. However, because the motion for reconsideration inaccurately characterizes the Court's reasons for denying the Dorman Plaintiffs' motion to supplement and does not show any error in the Court's initial ruling, the motion for reconsideration is **DENIED**.

# I

Motions for reconsideration in this Court are governed by Local Rule 7.1(h). In relevant part, that rule provides as follows:

> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. Local Rule 7.1(h)(A)-(C). A motion for reconsideration is "not an opportunity to re-argue a case" and/or "to raise [new] arguments which could, and should, have been made" before entry of the order from which reconsideration is sought. *Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (addressing a motion seeking reconsideration under Federal Rule of Civil Procedure 59(e)) (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

# II

The Dorman Plaintiffs are not entitled to reconsideration of the Court's order for several reasons. The Court separately outlines those reasons below.

## A

First the Dorman Plaintiffs' motion for reconsideration does not accurately state the Court's reasons for denying their motion to supplement their Amended Complaint and to re-open discovery. The Dorman Plaintiffs say that the Court denied the motion based "*solely* on [their] delay in filing [their] motion to supplement." (Mot., ECF No. 222, PageID.7291; emphasis added.) That is not correct. As set forth in the Court's order and above, the Court denied the motion for several reasons – none of which was the mere fact that the Dorman Plaintiffs delayed in filing the motion. While the Court did refer to "delay" twice in the analysis section of its order, neither of those references concerned the Dorman Plaintiffs' mere delay in filing their motion. The first reference to "delay" related to the additional delay in bringing the case to trial that would occur if the Court granted the Dorman Plaintiffs' requested relief. (Order, ECF No. 217, PageID.7177.) The second reference to "delay" referred to the lengthy period of time that this action has been pending and the need to bring it to a close after nine years. (*Id.*, PageID.7178.) Simply put, contrary to the Dorman Plaintiffs' contention, the Court did not deny their motion to supplement their Amended Complaint and to re-open discovery "solely" because they delayed in filing their motion.

The Dorman Plaintiffs further inaccurately seem to suggest that the Court "accused [them] of waiting nine years to file a supplemental complaint." (Mot., ECF

No. 222, PageID.7282.) That is also not correct. There is no implication in the Court's order that the Dorman Plaintiffs waited nine years before seeking leave to add new claims to this case. The Court referenced the age of this case in order to highlight that this is one of the oldest cases on the Court's docket and to underscore why the case needs to be tried and reach an orderly conclusion. The Court did not "accuse" the Dorman Plaintiffs of waiting nine years to file their supplemental claims.

On a related note, the Dorman Plaintiffs seem to suggest that the Court faulted them for not seeking leave to supplement their Amended Complaint between July of 2020 (when the Court said on the record that it would not allow any supplemental claims) and April of 2023 (when the Court indicated that it would entertain a motion for leave to file supplemental claims and granted the Dorman Plaintiffs permission to seek leave). But the Court did not do so. Instead, the Court faulted them for not seeking leave to supplement during the window that the Court made available for them to do so in 2023.

Next, the Dorman Plaintiffs wrongly contend that during a January 2023 motion hearing, the Court "acknowledged that the interest of judicial economy weighed in favor of allowing [the Dorman Plaintiffs'] supplemental claims rather than having [the] Dorman [Plaintiffs] file another case." (*Id.*, PageID.7284.) During the portion of the hearing transcript that the Dorman Plaintiffs identify, the Court

6

was engaged in a colloquy with the Township's counsel. (*See* 01/31/2023 Mot. Hr'g Tr., ECF No. 195, PageID.6895.) During that colloquy, the Court pressed the Township's attorney to explain why judicial economy did not weigh in favor of allowing the Dorman Plaintiffs to add their new supplemental claims; the Court did not express its own conclusions on the matter. Indeed, minutes earlier in the hearing, the Court had pressed the Dorman Plaintiffs' counsel to explain the opposite: why judicial economy did not weigh against allowing the Dorman Plaintiffs to add their supplemental claims. (*See id.*, PageID.6893.) "Court[s] speak[] through [their] written orders," *United States v. Coccia*, 598 F.3d 293, 296 (6th Cir. 2010), and the Court's questions to both sides about issues of judicial efficiency did not amount to an "acknowledgment" by the Court that the Dorman Plaintiffs' requested relief would enhance efficiency.[2]

---

[2] In any event, even if the Court had expressed the view in January of 2023 that allowing the Dorman Plaintiffs to supplement their Amended Complaint with new claims would enhance judicial efficiency, the change in circumstances since that time warrants the Court's current view that allowing the Dorman Plaintiffs to supplement would undermine judicial efficiency. In January 2023, the Court was not able to commit to a firm trial date because it had "a number of large trial-ready criminal cases" that it had to try before this case could come to trial. (Order, ECF No. 217, PageID.7173.) Because it was "unlikely that this case [would] be set for trial during 2023," the Court "was at least willing to consider allowing [the] Dorman [Plaintiffs] to add new claims to [their] Amended Complaint and to re-open discovery" at that time. (*Id.*) Now, however, the case is ready and set for trial. Thus, even if judicial economy favored allowing the Dorman Plaintiffs to amend their claims two years ago, that is no longer true.

**B**

Second, the Dorman Plaintiffs' motion does not present a fully accurate picture of the Township's position with respect to their request to supplement their Amended Complaint and re-open discovery. The Dorman Plaintiffs say that "[i]n its response to [their motion to supplement,] the Township claimed no prejudice from the filing of the supplement." (Mot., ECF No. 222, PageID.7292.) Standing alone, that statement is literally accurate. But it does not fairly represent the Township's position. In the Township's response to the Dorman Plaintiffs' motion, the Township reminded the Court that the Dorman Plaintiffs' request to supplement and to re-open discovery had been addressed at "in multiple hearings and opinions." (Resp., ECF No. 215, PageID.7139.) And at one of the "hearings" mentioned by the Township, the Township argued at some length that it would suffer prejudice if the Court granted the Dorman Plaintiffs' requested relief. The prejudice identified by the Township included having to "develop a whole new defense" that would involve "go[ing] back and talk[ing] to all of our people again and ask[ing] them" about the Dorman Plaintiffs' new claims. (01/31/2023 Mot. Hr'g Tr., ECF No. 195, PageID.6896-6897.) The Township further claimed prejudice from the fact that "many [of those witnesses to the new claims] are gone" and no longer work for the Township. (*Id.*, PageID.6897.) In short, a fair and full reading of the record shows

8

that, contrary to the Dorman Plaintiffs' suggestion, the Township has claimed that it would suffer prejudice if the Court granted the Dorman Plaintiffs' requested relief.

## C

Third, the Dorman Plaintiffs have again not cited any authority that meaningfully supports their request to supplement their Amended Complaint and to re-open discovery. The Dorman Plaintiffs cite several cases for the proposition that "courts have granted requests to file supplemental pleadings[] with filing delays equal or greater than the delay in this case." (Mot., ECF No. 222, PageID.7287.) But none of the cases involved anything like the circumstances that existed here when the Court denied the Dorman Plaintiffs' motion – a case that was nine years old, where discovery had closed, summary judgment motions had been decided, and the case was ready for trial, and where the parties moving to supplement had previously missed a court-imposed deadline for requesting leave to add new claims.

## D

Finally, the Dorman Plaintiffs still offer no explanation as to why they failed to file their proposed supplemental claims concerning the criminal charges against Michael Dorman by the deadline previously set (and extended) by the Court, nor do they explain why their prior attorney told the Court that they were ready to proceed to trial in February of 2024. Likewise, the Dorman Plaintiffs have not shown any error in the Court's conclusion that allowing them to add their new claims would

9

cause further meaningful delay of this very old case by requiring additional discovery and motion practice. For these additional reasons, reconsideration of the Court's denial of the Dorman Plaintiffs' motion for leave to supplement their Amended Complaint and to re-open discovery is not warranted.

### III

For all of these reasons, the Dorman Plaintiffs' motion for reconsideration (ECF No. 222) is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 13, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126