UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DORMAN, *et al.*,

    Plaintiffs,

v.

                          Case No. 15-cv-12552
                          Hon. Matthew F. Leitman

TOWNSHIP OF CLINTON,

    Defendant.
_____/

### ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS

**I**

More than ten years ago, Plaintiff Michael Dorman and the religious organization he founded, Plaintiff River of Life Ministries, INT, filed this action against Defendant Clinton Township. Plaintiffs alleged that the Township violated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") and the First Amendment when the Township denied Plaintiffs a special use permit that would have allowed them to operate a church on property they own in the Township.

Plaintiffs have been represented, at various times, by five different retained attorneys. All have moved to withdraw from representing Plaintiffs. On October 19, 2025, Plaintiffs' fifth and final retained attorney, Robert L. Levi, filed an emergency motion to withdraw as counsel due to a breakdown in the attorney-client relationship with Plaintiffs. (*See* Mot., ECF No. 270.) The Court set a Zoom

electronic conference to discuss the motion for October 21, 2025. (*See* Notice, ECF No. 271.) Prior to the conference, the Court's staff directed Levi to contact Dorman and instruct him that he was required to personally attend the conference. During the conference, Levi told the Court on the record that he left several messages for Dorman with those instructions via email, voice mail, and text message. Despite Levi's multiple messages, Dorman did not appear for the conference as the Court directed. Nor did Dorman contact the Court, before or after the conference, to ask for an adjournment, to explain why he did not attend as directed, or to address any other matter related to the conference or his attorney's request to withdraw.

On October 22, 2025 (the day after the conference), the Court issued a written order (1) granting Levi's motion to withdraw and (2) staying these proceedings so that Plaintiffs could retain new counsel. (*See* Order, ECF No. 270.) With respect to River of Life, the Court explained that that entity could only appear in this action through licensed counsel. Accordingly, it directed River of Life to retain an attorney and to have that attorney file an Appearance on its behalf by no later than December 5, 2025. (*See id.*, PageID.8294.) The Court then warned Plaintiffs that "[i]f new counsel does not appear for River of Life by December 5, 2025, the Court will dismiss River of Life's claims from this action." (*Id.*) With respect to Dorman, the Court explained that he could either retain new counsel or represent himself. The Court therefore ordered Dorman, by no later than December 5, 2025, to either have

new counsel file an Appearance on his behalf or file a notice that he would be representing himself. (*See id.*) The Court again warned Plaintiffs that "[i]f new counsel does not file an Appearance on Dorman's behalf, or if Dorman does not file a notice that he will be representing himself, by December 5, 2025, the Court will dismiss Dorman's claims from this action." (*Id.*)

The Court served its October 22 order on Dorman and River of Life at their last known address in Punta Gorda, Florida. (*See* Dkt.) The Court further ordered Levi to serve the order on Plaintiffs by both email and First Class Mail (*see* Order, ECF No. 270, PageID.8294-8295), and Levi did so (*see* Certificate of Service, ECF No. 273). Despite having been served with the October 22 order by both the Court and Levi, Plaintiffs have failed to comply with that order. No counsel has filed a new Appearance on behalf of either River of Life or Dorman, and Dorman has not filed a notice that he intends to represent himself. Moreover, Plaintiffs have not contacted the Court to ask for additional time to respond to the October 22 order or to seek any clarification of their responsibilities under that order.

## II

### A

"Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance*

3

*Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* (quoting *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)). "The dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Id.* (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

The Court considers the following four factors when deciding whether to dismiss an action under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* (quoting *Knoll*, 176 F.3d at 363).

Here, the Court concludes that the balance of these factors supports dismissal of this action.

**B**

The Court begins with the first factor: whether Plaintiffs' failure to prosecute and comply with the Court's orders "is due to willfulness, bad faith, or fault." *Id.* "To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct 'must display either an

4

intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Id.* at 737 (quoting *Wu*, 420 F.3d at 643). That factor supports dismissal here.

Plaintiffs' actions in failing to attend a court-mandated conference on their then-retained counsel's motion to withdraw and ignoring the requirements set forth in the Court's October 22 order display, at a minimum, a "reckless disregard for the effect of [their] conduct on these proceedings." Indeed, their failure to retain counsel for River of Life prevents the action from moving forward because, as the Court explained in its October 22 order, as a quasi-corporate entity, River of Live may proceed only through counsel. Likewise, unless and until Dorman either retains new counsel or informs the Court that he intends to represent himself, the case cannot move forward as to him. Moreover, Plaintiffs' willfulness can be inferred from their conduct. They did not respond to multiple messages from their counsel to attend the October 21 conference; they never contacted the Court to ask for an adjournment of that conference or to address any other issue related to the conference or their counsel's motion to withdraw; and despite being served with the October 22 order by both the Court and their former counsel, they failed to comply with that order and never contacted the Court to seek additional time to comply. For all of these reasons, the Court concludes that this factor favors dismissing this action.

5

## C

The second factor the Court must consider is whether the Township was prejudiced by Plaintiffs' conduct. "The key to finding prejudice in a dismissal for lack of prosecution is whether the defendants 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Id.* at 739 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Because this action is currently stayed, this factor does not support dismissal. However, the Court notes that this action is over ten years old, and Plaintiffs have required the Township to expend substantial resources defending against their claims. The Township would be prejudiced by any continued meaningful delay in this action.

## D

The next factor the Court considers is whether Plaintiffs were provided prior notice that this action could be dismissed if they failed to comply with the Court's orders and failed to prosecute their claims. This factor is a "key consideration" in the Court's analysis. *Id.*

This factor strongly favors dismissal of this action. The Court expressly warned Plaintiffs in the October 22 order that their failure to comply with that order would result in the dismissal of their claims. (*See* Order, ECF No. 270, PageID.8294.) And Plaintiffs have not complied with that order in any way or

contacted the Court to ask for additional time to comply with the order. This factor therefore weighs heavily in favor of dismissing Plaintiffs' claims.

E

Finally, the Court has considered lesser sanctions and does not believe that any would be effective here. Plaintiffs appear to have abandoned their claims. They stopped responding to their retained counsel, and after the Court warned them that the failure to comply with the Court's October 22 order would result in the dismissal of their claims, they neither complied with the order nor contacted the Court to seek relief from the order. It does not seem to the Court that any sanction other than dismissal would compel Plaintiffs to follow the Court's orders and/or prosecute their claims against the Township.

F

When the Court balances the four factors discussed above, it concludes that dismissal of this action due to Plaintiffs' failures to comply with the Court's orders and prosecute their claims is the only appropriate sanction. Thus, for all of the reasons explained above, this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: December 10, 2025      UNITED STATES DISTRICT JUDGE

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 10, 2025, by electronic means and/or ordinary mail.

                                        s/Holly A. Ryan
                                        Case Manager
                                        (313) 234-5126